170 Cal.App.4th 1253 (2009)
In re J.M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
J.M., Defendant and Appellant.
No. F054783.
Court of Appeals of California, Fifth District.
January 21, 2009.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*1254 Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

*1255 OPINION

THE COURT.[*]
The juvenile court rejected 14-year-old J.M.'s claim that he was acting in self-defense when he plunged a sharpened screwdriver into the back of Jorge Flores Rajillo and thus the court found true the allegation that J.M. committed an assault with a deadly weapon. J.M. was sent to a group home. He appeals, claiming the evidence does not support the court's findings, the court failed to determine if the assault was a misdemeanor or a felony, and his conduct credits were improperly calculated.

Background[]

I., II.[]

III. Custody Credits
The probation officer's report calculated that as of January 9, 2008, J.M. was entitled to 177 days of custody credits. J.M.'s disposition hearing did not take place until January 22, 2008, yet the court awarded only 177 days of credit. At the hearing on January 22, 2008, the court removed J.M. from his parents' custody and placed him in the custody of the probation department with the intent that he be placed in a foster or group home. The court then set a date for a "two week placement review." J.M. was detained in juvenile hall during the interim period. On February 6, 2008, at the "review hearing," it was reported that J.M. would be transported on February 7, 2008, to a group home. No additional credits were awarded at this time.
J.M. contends the court erred in not awarding him 13 days of custody credits for the period between January 9, 2008 (the date of the preparation of the probation report), and January 22, 2008 (the date of the disposition hearing), when he was confined in juvenile hall. The People concede this was error and that J.M. is entitled to an additional 13 days of custody credits.
*1256 In addition, J.M. contends he is entitled to an additional 16 days of credit for the time he spent in juvenile hall from January 22, 2008, prior to his commitment and transportation to the group home on February 7, 2008. The People dispute this contention, arguing simply that J.M. is not entitled to any additional credit for time spent in juvenile hall following the disposition hearing but prior to his placement in the group home.
(1) Welfare and Institutions Code section 726, subdivision (c) provides in pertinent part that "the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the [same] offense . . . ." Physical confinement includes placement in juvenile hall.
(2) "Because an adult would be entitled to presentence custody credit under Penal Code section 2900.5, this has been interpreted to mean that an equivalent amount of time must be subtracted from a minor's maximum period of physical confinement. [Citations.] Inasmuch as a minor is not `sentenced,' it would simply be incorrect to refer to . . . this as `presentence' custody credit. In the juvenile context, the correct term is `precommitment' [citation] or `predisposition' custody credit [citations]." (In re Antwon R. (2001) 87 Cal.App.4th 348, 352 [104 Cal.Rptr.2d 473].)
In In re Eric J. (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549] the court held that in order to carry out the mandate of Welfare and Institutions Code section 726, subdivision (c), the minor must be given "precommitment" credit for the days he was detained in juvenile hall pending resolution of the charges against him. (25 Cal.3d at p. 536.)
(3) Although J.M.'s disposition hearing took place on January 22, 2008, he was detained in a secure facility, juvenile hall, until February 7, 2008. Thus he was entitled to credit for time served in a secure facility prior to his commitment to the group home. To hold otherwise would deprive him of receiving any credit for this interim time that he spent in physical confinement.
J.M. is entitled to additional confinement credits of 29 days.

*1257 Disposition
The court is ordered to file an amended minute order reflecting that J.M. is entitled to 29 days of additional precommitment credit. In all other respects, the judgment is affirmed.
NOTES
[*] This opinion is certified for publication with the exception of the Background and parts I. and II.
[*] Vartabedian, Acting P. J., Dawson, J., and Kane, J.
[] See footnote, ante, page 1253.