Filed 2/25/13  In re Edgar F. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re EDGAR F., a Person Coming Under the Juvenile Court Law. | B238235<br>(Los Angeles County<br>Super. Ct. No. FJ48105) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGAR F.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Totten, Juvenile Court Referee.  Affirmed as modified.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel Jr. and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Edgar F. appeals from the juvenile court's order continuing wardship and directing him into a six-month camp community placement program. He contends the award of predisposition custody credit was miscalculated. We affirm the order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

In a delinquency petition (Welf. & Inst. Code, § 602) filed by the Los Angeles County District Attorney on November 19, 2010, it was alleged then 15-year-old Edgar had possessed a weapon (a knife) on school grounds. On January 18, 2011, the juvenile court found it necessary to remove Edgar from his home and ordered him detained in juvenile hall. On February 15, 2011, Edgar admitted the allegation, and the juvenile court sustained the petition and released Edgar to his mother.

The San Bernardino County District Attorney filed a delinquency petition on February 22, 2011 alleging Edgar committed second degree burglary. Edgar admitted the allegation, and the juvenile court sustained the petition, declared the offense a misdemeanor and ordered Edgar detained in his mother's home pending transfer of the case from the San Bernardino Superior Court to the Los Angeles County Superior Court.

On April 28, 2011, the Los Angeles County juvenile court accepted jurisdiction over the case, determined it was necessary to remove Edgar from his home and ordered him detained in juvenile hall. On May 10, 2011, Edgar was released to the Community Detention Program.

The petitions were consolidated for purposes of disposition on August 30, 2011. At the disposition hearing, the juvenile court declared Edgar a ward of the court, ordered him home on probation and awarded him one day of predisposition custody credit.

After Edgar slapped and kneed his girlfriend, the Los Angeles County District Attorney filed another delinquency petition on October 26, 2011, alleging Edgar, then 16 years old, had committed battery on a person with whom he had a dating relationship.

Following a contested jurisdiction hearing on December 6, 2011, the juvenile court found the allegation true beyond a reasonable doubt and sustained the petition. At the disposition hearing immediately following, the juvenile court declared the offense a misdemeanor, ordered Edgar to remain a ward of the court and directed him into the six-month camp community placement program. The court set the maximum physical confinement period as three years six months, including the previously sustained petitions, and awarded Edgar 40 days of predisposition custody credit.

## DISCUSSION

Edgar F. contends, and the Attorney General concedes, the juvenile court erred in calculating his predisposition custody credit as 40 days. We agree.

In a juvenile delinquency proceeding, "a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*In re Emilio C*. (2005) 116 Cal.App.4th 1058, 1067.) "[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions . . ., the court must also aggregate the predisposition custody credits attributable to those multiple petitions." (*Ibid.*) "Physical confinement includes placement in juvenile hall." (*In re J. M.* (2009) 170 Cal.App.4th 1253, 1256.)

Here, in electing to aggregate Edgar's physical confinement based on his multiple petitions, the juvenile court neglected to also aggregate his predisposition custody credit. With respect to the November 19, 2010 and February 22, 2011 petitions, Edgar was in custody for a total of 43 days prior to the disposition on August 30, 2011: He was detained and released on January 7, 2011 (1 day), detained in juvenile hall from January 18, 2011 to February 15, 2011 (29 days), and from April 28, 2011 to May 10, 2011 (13 days). With respect to his October 26, 2011 petition, Edgar was detained an additional 44 days from October 24, 2011 to December 6, 2011. Accordingly, as the parties agree, Edgar is entitled to an award of 87 days of predisposition custody credit

3

**DISPOSITION**

The December 6, 2011 minute order is corrected to award Edgar F. a total of 87 days of predisposition custody credit.  As modified, the order is affirmed.

WOODS, J.

**We concur:**

**PERLUSS, P. J.**

**JACKSON, J.**

4