Filed 7/17/13  In re Devin C. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DEVIN C., a Person Coming Under the Juvenile Court Law. | D062312 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM230394) |
| v. | |
| DEVIN C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Cynthia Ann Bashant, Judge.  Affirmed with directions

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

Following an adjudication hearing, the juvenile court found true beyond a reasonable doubt the allegations in a delinquency petition that defendant and appellant Devin C. committed two counts of misdemeanor battery in violation of Penal Code[1] section 242 (counts 2 & 3).[2] Pursuant to Welfare and Institutions Code section 602, the court at the disposition hearing adjudged Devin a ward of the court and designated the minor as a dual status youth pursuant to Welfare and Institutions Code section 241.1, subdivision (e), with dependency as the lead court. The court ordered Devin to comply with various probation conditions and ordered him placed in a licensed residential treatment facility.

Devin contends this matter should be remanded to the juvenile court because the probation condition that he not possess a weapon or similar item allegedly is constitutionally invalid for lack of a scienter requirement. Devin also contends in his opening brief that remand is necessary because the record is insufficient to calculate his precommitment custody credit.

As we explain, we disagree the matter needs to be remanded because we conclude the probation condition is "sufficiently precise" for Devin to know what is required of him and because the parties in their subsequent briefing agree that Devin is entitled to 71 days of precommitment custody credits.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] The court dismissed for want of evidence count 1 of the petition charging Devin with misdemeanor assault by means of force likely to produce great bodily injury. (See § 245, subd. (a)(1).)

OVERVIEW

Devin resided at the Polinsky Children's Center (center) in May 2012. In the morning of May 2, 2012, staff members Jorge De la Paz and Sean Thompson conducted a routine search of all the residence rooms at the center after a staff member reported juveniles at the center were smoking marijuana the previous night.

Devin did not want his room searched and told Thompson as much. Devin then pushed Thompson as Thompson searched his room. When De la Paz arrived at Devin's room, Devin attempted to block him and then pushed De la Paz into the door. Devin was physically restrained and was subsequently arrested by San Diego police officers. No marijuana was found during the search of Devin's room.

DISCUSSION

A. *Validity of Probation Condition that Devin Not Possess a Weapon*

At the disposition hearing, the court imposed on Devin the following condition of probation: "The minor shall not use, possess, transport, sell or have in or under his[] control any firearm, replica, ammunition or other weapon, including a knife, any explosive, or any item intended for use as a weapon, including hunting rifles or shotguns." Devin contends this "weapons" condition is constitutionally invalid for lack of a scienter requirement.

This issue was recently addressed in *People v. Moore* (2012) 211 Cal.App.4th 1179. There, the defendant was convicted for attempted second degree robbery and misdemeanor vandalism. At sentencing, the court imposed a variety of probation

3

conditions, including a condition similar to the one at issue here that provided: "Do not own, use, or possess any dangerous or deadly weapons, including firearms, knives, and other concealable weapons." (*Id.* at p. 1183.) Like Devin in our case, the defendant in *People v. Moore* contended that this probation condition was unconstitutionally vague because it lacked an express knowledge requirement. (See *ibid.*)

Because the court in *People v. Moore* was presented with the nearly identical issue before us and because it undertook an in-depth analysis of that issue, we cite liberally to that case and its discussion of the applicable law:

"Trial courts have broad discretion to prescribe probation conditions to foster rehabilitation and protect public safety. [Citations.] A probation condition that imposes limitations upon constitutional rights must be narrowly tailored to achieve legitimate purposes. [Citations.] Further, '[a] probation condition "must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated," if it is to withstand a challenge on the ground of vagueness. [Citation.]' [Citations.] 'A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process.' [Citations.] The 'underpinning of a vagueness challenge is the due process concept of "fair warning." [Citation.] The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders". . . .' [Citations.]

4

"Beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97, California appellate courts have routinely added an explicit knowledge requirement to probation conditions prohibiting a probationer from associating with certain categories of persons, frequenting or remaining in certain areas or establishments, and possessing certain items. [Citation.] [Fn. omitted.] '[T]here is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter.' [Citation.]

"[*People v.*] *Freitas* [(2009) 179 Cal.App.4th 747], relied upon by [the defendant], modified a probation condition prohibiting the defendant from owning, possessing, or having custody or control of any firearms or ammunition to incorporate an express scienter requirement. [Citation.] *Freitas* acknowledged that firearms and ammunition were readily recognizable, and it was 'unnecessary to specify that defendant must know a gun is a gun.' [Citation.] However, *Freitas* agreed with the defendant that 'without the addition of a scienter requirement, he could be found in violation of probation if he merely borrows a car and, unbeknownst to him, a vehicle owner's lawfully obtained gun is in the trunk.' [Citation.] The court observed that former section 12021 (prohibiting felons from possessing firearms, now § 29800, subd. (a)(1)), had been construed to contain an implied knowledge requirement. Moreover, the jury instruction relevant to that offense listed knowledge as an element. *Freitas* therefore found it appropriate to modify the probation condition to add an express knowledge requirement, because 'the

5

law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition.'  [Citation.]

"The parties here do not dispute that if [the defendant] unknowingly was to possess a weapon or firearm, he would not be in violation of probation.  The parties do disagree, however, regarding whether due process requires that the probation condition be modified to include an express knowledge requirement, or whether modification is unnecessary because a knowledge requirement is already 'manifestly implied.'  We believe the latter view is correct.

"Certainly the weapons prohibition at issue here is distinct from many of the associational, presence, and possession prohibitions that are often the subject of express modifications.  Where a probation condition prohibits association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amenable to precise definition, 'an express knowledge requirement is reasonable and necessary.  The affiliations and past history of another person may not be readily apparent without some personal familiarity.  Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all.  And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs.'  [Citation.]

"In contrast, there is no ambiguity regarding what is prohibited here: as [*People v.*] *Freitas* pointed out, it is unnecessary to specify that defendant must know a gun is a gun. [Citations.]  As we explained in *In re R.P.*, the term 'dangerous or deadly weapon'

likewise has a clearly established meaning. (*In re R.P.* [(2009)] 176 Cal.App.4th [562,] 567-568.) There, we held that the phrase 'dangerous or deadly weapon' was not unconstitutionally vague when used in a probation condition. (*Id.* at p. 565.) After surveying the relevant statutes, case law, jury instructions, and a legal dictionary, we explained: 'legal definitions of "deadly or dangerous weapon," "deadly weapon," "dangerous weapon," and use in a "dangerous or deadly" manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury.' (*Id.* at p. 568.) We concluded the phrase had a plain, commonsense meaning: it prohibited possession of items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death. (*Id.* at p. 570.) The condition was therefore 'sufficiently precise for [the probationer] to know what is required of him.' (*Id.* at p. 568.) Likewise, the weapons prohibition here is sufficiently precise to inform [the defendant] of what is required of him, and for a court to determine whether the condition has been violated. Because [the defendant] can have no doubt about what is prohibited, innocent or inadvertent violation of the condition is far less likely than in cases in which the parameters of the probation condition are imprecise.

"[The defendant's] concern that without the express addition of a scienter requirement he could be found in violation of probation for unknowing possession appears unfounded. As the People point out, a trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation. [Citations.]

7

As [*People v.*] *Patel* explained, it is now settled that a probationer cannot be punished for presence, possession, or association without proof of knowledge. (*People v. Patel* [(2011)] 196 Cal.App.4th [956,] 960.) Thus, in the unlikely event that [the defendant] finds himself in unknowing and inadvertent possession of a firearm or weapon, his lack of knowledge would prevent a court from finding him in violation of probation. When a probationer lacks knowledge that he [or she] is in possession of a gun or weapon, his [or her] possession cannot be considered a willful violation of a probation condition. [Citation.]

"*In re Victor L.* concluded that addition of a knowledge requirement to a probation condition was necessary despite the aforementioned willfulness requirement. (*In re Victor L.* [(2010)] 182 Cal.App.4th [902,] 912-913.) As pertinent here, *Victor L.* considered a probation condition prohibiting a juvenile from remaining '"in any building, vehicle or in the presence of any person where dangerous or deadly weapons or firearms or ammunition exist."' (*Id.* at p. 912.) The juvenile argued that absent a knowledge requirement, the condition was overbroad and vague: 'Because other people in public places or private homes may be carrying concealed weapons without his knowledge, [the minor] argues that, in the absence of a knowledge requirement, he "could easily violate the condition without even realizing it."' (*Ibid.*) The People responded, much as they do here, that no modification was necessary because a court may not revoke probation unless the evidence supports a conclusion that the probationer's conduct is willful. (*Id.* at p. 913.) *Victor L.* rejected this argument, reasoning: 'While the requirement of proof of

8

willfulness may save [the minor] from an unconstitutional finding of guilt based on an unknowing probation violation, that is cold comfort to a probationer who suffers from an unfounded arrest and detention based on the whim or vengeance of an arbitrary or mean-spirited probation officer.  [Citation.]  [¶]  Due process requires more.  It requires that the probationer be informed *in advance* whether his conduct comports with or violates a condition of probation.'  (*Ibid*.)  Similarly, *People v. Garcia* [(1993)] 19 Cal.App.4th 97, found an implied knowledge requirement insufficient in a probation condition that infringed upon the defendant's freedom of association, reasoning:  '[T]he rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication.'  (*Id.* at p. 102.)

"We do not find [*In re*] *Victor L.* or [*People v.*] *Garcia* applicable here.  First, both cases involved conditions that potentially infringed on constitutional rights.  At least insofar as it prohibits [the defendant] from possessing a firearm, or statutorily prohibited weapons, the challenged condition does not impact [his] constitutional rights.  (See, e.g., *People v. Freitas*, *supra*, 179 Cal.App.4th at p. 751 ['defendant, as a felon, has no constitutional right to bear arms']; *People v. Kim* [(2011)] 193 Cal.App.4th [836,] 847 ['Because no constitutional right is at stake, [the defendant's] concern about an implicit knowledge requirement is inapplicable']; *People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1369-1370 [statutory prohibition on carrying a concealed dirk or dagger does not

9

violate the 2d Amend.]; § 29800, subd. (a)(1) [prohibiting felons from possessing firearms]; see generally § 16590 [prohibited weapons].)

"But beyond that, the primary concern in [*People v.*] *Garcia* and in the pertinent portion of [*In re*] *Victor L.* was that the probation conditions at issue failed to clearly specify what conduct was prohibited, that is, what persons or areas the probationers were required to avoid. The probation conditions were therefore not narrowly drawn, and express modification was required to provide adequate notice. In contrast, as we have explained, the probation condition at issue here provides [the defendant] with advance notice about what conduct is prohibited, and therefore *is* narrowly drawn. The 'core due process requirement of adequate notice' [citation] is satisfied. Unlike in [*In re*] *Victor L.* and [*People v.*] *Garcia*, [the defendant's] concern is not that he is unable to discern what conduct is prohibited. Instead, he worries that he might accidentally possess an item he would readily recognize as prohibited by the probation condition. Under these circumstances, the requirement that a violation of the weapons condition must be willful and knowing adequately protects him from being punished for innocent possession. The addition of an express knowledge requirement would add little or nothing to the probation condition.

"In regard to [*In re*] *Victor L.*'s concern about arbitrary enforcement, [*People v.*] *Patel* has explained: 'We . . . do not discern how addressing this *specific* issue on a repetitive case-by-case basis is likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer.' (*People v.*

10

*Patel*, *supra*, 196 Cal.App.4th at p. 960; see *In re R.P.*, *supra*, 176 Cal.App.4th at p. 569 [possibility that peace officer might attempt to enforce weapons condition as a strict liability offense did not render the condition unconstitutional]; cf. *People v. Olguin* [(2008)] 45 Cal.4th [375,] 386, fn. 5 [defendant facing revocation of probation has the right to be represented by counsel at a hearing, and may argue that a particular application of a probation condition exceeds the bounds of reason under the circumstances].)[3]

"We also do not believe [*In re*] *Sheena K.* [(2007)] 40 Cal.4th 875, compels modification. There, a probation condition requiring that the defendant not associate with "'anyone disapproved of by probation'" was unconstitutionally vague absent an express knowledge requirement. (*Id.* at pp. 880, 891.) The provision did not notify the probationer in advance regarding what persons she must avoid, and the probation officer had the ability to preclude her association with anyone. (*Id.* at pp. 890–891.) *Sheena K.*

---

3      "In *People v. Patel*, *supra*, 196 Cal.App.4th 956, the Third Appellate District concluded that '[i]n the interests of fiscal and judicial economy,' and in light of the body of case law establishing that a probationer cannot be punished for presence, possession, or association absent proof of scienter, that court would no longer entertain the issue on appeal but would henceforth construe all such probation conditions to include a knowledge requirement. (*Id.* at p. 960.) *Patel* reasoned: 'As with contracts generally, [a scienter requirement] should be considered a part of the conditions of probation' just as if it had been expressly referenced and incorporated. (*Ibid.*) [¶] To date, *Patel*'s approach of deeming scienter requirements to be present in all probation conditions and declining to entertain the issue has not been adopted by other courts. See *People v. Moses* [(2011)] 199 Cal.App.4th [374,] 381 [declining to follow *Patel* on this point, stating the court's preference to modify probation conditions, and encouraging the superior court to revise its standard probation conditions form].) While we generally agree with [*People v.*] *Patel*'s analysis, we do not follow *Patel* 's approach on this point. Among other things, certain probation conditions may require more case-specific modification if they are too vague to provide a probationer with adequate notice of what conduct is prohibited."

11

concluded modification to impose an explicit knowledge requirement was necessary to render the condition constitutional. (*Id.* at p. 892.) Unlike in *Sheena K.*, the weapons condition here *does* notify [the defendant] in advance regarding what conduct is prohibited, and is not unconstitutionally vague. [The defendant's] primary concern is that he not be found in violation of probation absent knowing possession. As we have discussed, this concern is illusory given that a trial court may not revoke Moore's probation unless his violation of the weapons condition is knowing and willful. [Citations.] *Sheena K.* did not have occasion to consider whether express modification of a sufficiently precise condition was required, or the significance of the principle that a probation violation must be willful. Cases are not authority for propositions not considered. [Citation.]

"As [*People v.*] *Kim* observed, the 'function served by an express knowledge requirement should not be extended beyond its logical limits.' (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 847.) Accordingly, because the probation condition, as written, is sufficiently precise to alert [the defendant] to what conduct is prohibited and guard against arbitrary enforcement; because a knowledge requirement is implied in the condition; and because Moore cannot be found to have violated probation absent knowing possession (*People v. Patel*, *supra*, 196 Cal.App.4th at p. 960), we conclude express modification of the probation condition is unnecessary. [Fn. omitted.]" (*People v. Moore*, *supra*, 211 Cal.App.4th at pp. 1184-1189.)

12

We find the court's reasoning in *People v. Moore* persuasive and adopt it here. We too conclude the challenged probation condition has a plain, commonsense meaning, inasmuch as it prohibits Devin from using, possessing, transporting, selling or having in his control a "firearm, replica, ammunition or other weapon, including a knife, any explosive, or any item intended for use as a weapon, including hunting rifles or shotguns." This condition in our view is "sufficiently precise" (see *People v. Moore*, *supra*, 211 Cal.App.4th at p. 1186) for Devin to know what is required of him.

Equally important, we conclude Devin's concern to be unfounded that without the addition of a scienter requirement he unwittingly could be found in violation of this condition of probation. As noted in *People v. Moore*, a court may not revoke a defendant's probation absent a finding that the defendant willfully violated the terms and conditions of his or her probation. (*People v. Moore*, *supra*, 211 Cal.App.4th at p. 1186; see also *People v. Patel*, *supra*, 196 Cal.App.4th at p. 960 [noting the well-settled rule that a probationer cannot be punished for presence, possession, or association without proof of knowledge].)

Applying this rule here, to the extent there was a finding that Devin lacked knowledge that he was in possession of a "weapon" or "any item intended for use as a weapon" as provided in the challenged probation condition, his possession of such could not be considered a willful violation of a probation condition. We therefore conclude it is unnecessary to add an express knowledge requirement to this condition of probation

13

because to do so would be mere surplusage given its language and the law governing its operation.

B. *Calculation of Precommitment Custody Credits*

"[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067; see also *In re J.M.* (2009) 170 Cal.App.4th 1253, 1256-1257 [minor entitled to credit for time the minor was detained in a secure facility prior to commitment].) Here, the parties in their briefing agree that the record is sufficient to calculate Devin's precommitment custody credits and thus remand is unnecessary. The parties further agree that Devin is entitled to 71 days of precommitment custody credit.

## DISPOSITION

The juvenile court is ordered to prepare and file an amended commitment order showing that Devin is entitled to 71 days of precommitment custody credit and to forward a certified copy of that amended order to the Department of Corrections and Rehabilitation, Division of Juvenile Justice Facilities. In all other respects, the order of commitment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

McINTYRE, J.

O'ROURKE, J.

14