Filed 5/13/15  In re R.R. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>R.R.,<br><br>    Defendant and Appellant. | A143372<br><br>(Alameda County<br>Super. Ct. No. SJ13020772-01) |

Appellant R.R. appeals following a jurisdictional admission and the juvenile court's subsequent dispositional order.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the entire record, find no arguable issues, and affirm.

BACKGROUND

In April 2013, a Welfare and Institutions Code section 602, subdivision (a)[1] petition was filed charging appellant, then 14 years old, with one count of murder (Pen. Code, § 187), one count of attempted carjacking (*id.,* §§ 215, 664), two counts of carjacking (*id.,* § 215), one count of robbery (*id.,* § 211), and one count of evading an officer (Veh. Code, § 2800.2). As to all counts except the evading an officer count, an enhancement was alleged that appellant was one of the principals in the charged offense, one of whom was armed with a firearm (Pen. Code, § 12022, subd. (a)(1)). The People concurrently filed a petition for a fitness hearing and requested a finding that appellant was unfit for juvenile court treatment (§ 707).

The charges were based on a two-day crime spree during which appellant and friends carjacked, shot, and/or robbed four separate victims.[2] Appellant admitted to police officers that he was present during the crimes and that he entered at least one of the carjacked cars.

In August 2014, appellant entered an admission to the murder charge, after admitting in open court he knew, before embarking on the charged crime spree, that one of his companions was armed with a loaded firearm. All other counts and enhancements were dismissed, with the agreement that the trial court could consider the facts underlying the dismissed counts and enhancements for sentencing and restitution purposes. The People withdrew their pending section 707 petition.

The probation report described appellant's personal history. Appellant did not know his father until he was 13. His mother had health issues and received disability benefits. Another relative told probation appellant's mother "left him to fend for himself." Appellant was born with a leg deformity that required amputation during early childhood. When he was confined at the Juvenile Justice Center during the instant

---

[1] All undesignated section references are to the Welfare and Institutions Code.

[2] Background facts about the offense and appellant's personal history are from the probation department's behavioral study and dispositional report.

proceedings, medical staff learned the prosthetic he was then wearing was fitted for him when he was eight years old.

At the dispositional hearing, the People argued appellant should be committed to the Division of Juvenile Justice; appellant's counsel sought placement in a juvenile residential program. The probation report recommended appellant be placed in a group home. However, the authoring probation officer noted her disagreement with the recommendation; that officer believed commitment to the Division of Juvenile Justice was appropriate but was required by departmental policy to formally recommend group home placement.

The juvenile court noted appellant's "disastrous" upbringing and acknowledged he "was never given a moral compass, was never given the kind of love and support and direction that one would need in order to be successful in life." The court also expressed skepticism that appellant "is remorseful" and noted that even though appellant was not an "active participant" in the crimes, "he didn't get out of the car and he didn't try to put a stop to it after it happened" but instead "decided to continue to associate with those who did." The court found that placement was not an appropriate disposition and that appellant would benefit from commitment to the Division of Juvenile Justice.

The court adjudged appellant a ward of the court and ordered him removed from the home of his mother and committed to the Division of Juvenile Justice, with a maximum period of confinement of 25 years to life. The court awarded appellant 528 days in custody credits and imposed a restitution fine of $100. The court ordered victim restitution to be set at a future date.

## DISCUSSION

We have reviewed the record and have found no arguable appellate issues.

Appellant was represented by legal counsel throughout the proceedings and there is no indication in the record that counsel was ineffective.

Appellant was properly admonished at the time of his admission and there is no indication in the record that his admission was not knowing and voluntary. Appellant's counsel stipulated to a factual basis for his admission and the record satisfies this court

3

that there is such a basis. (*People v. Pulido* (1997) 15 Cal.4th 713, 716 ["Penal Code section 189 provides that any killing committed in the perpetration of specified felonies, including robbery [and carjacking], is first degree murder. Under long-established rules of criminal complicity, liability for such a murder extends to all persons 'jointly engaged at the time of such killing in the perpetration of or an attempt to perpetrate the crime of robbery [or carjacking]' [citation] 'when one of them kills while acting in furtherance of the common design.' "].)

The court made the required findings prior to removing appellant from the custody of his mother. (§ 726, subd. (a) ["no ward or dependent child shall be taken from the physical custody of a parent or guardian, unless upon the hearing the court finds one of the following facts: . . . That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor [or] . . . That the welfare of the minor requires that custody be taken from the minor's parent or guardian"].)

The commitment to the Division of Juvenile Justice was authorized by law and not an abuse of discretion. (§ 733 [Division of Juvenile Facilities commitment authorized for minors 11 years or older who have admitted offense described in § 707, subd. (b); § 707, subd. (b)(1) [murder]; *In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330 [juvenile court's commitment order reviewed for abuse of discretion, with all reasonable inferences indulged to support its decision].)

The maximum term of confinement was proper. (§ 726, subd. (d) [when minor removed from parent's custody, "the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court"]; Pen. Code, § 190 [maximum term of imprisonment for murder is 25 years to life].)

The restitution fine was proper. (§ 730.6, subd. (b)(1) ["If the minor is found to be a person described in Section 602 by reason of the commission of one or more felony offenses, the restitution fine shall not be less than one hundred dollars ($100) and not

4

more than one thousand dollars ($1,000)."].)  The custody credits appear to be proper. (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256 [minors entitled to pre-commitment credit for days detained in juvenile hall].)

DISPOSITION

The judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

6