Filed 10/13/15  In re J.B. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re J.B., <br><br> a Person Coming Under the Juvenile Court Law. | B259641 <br><br> (Los Angeles County Super. Ct. No. TJ20568) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> J.B., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Catherine J. Pratt, Juvenile Court Referee.  Affirmed as modified.

Shawna L. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

J.B. appeals from a disposition order of the juvenile court. J.B. contends his predisposition custody credits were miscalculated and asks us to review the sealed transcript of the hearing regarding disclosure of the arresting officers' personnel files. We affirm the order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Earlier Delinquency Petitions*

As is relevant here, J.B. had two Welfare and Institutions Code section 602 petitions that were previously sustained by the juvenile court: A petition filed June 14, 2013, for which the court found true the allegation J.B. had committed the offense of receiving stolen property (Pen. Code, § 496),[1] and another filed December 18, 2013 for which the court found true the allegation that J.B. had committed the offense of possession of a firearm by a minor (§ 29610). Each offense, which was declared a felony, carries a three-year maximum term of imprisonment.[2]

### B. *The September 30, 2014 Delinquency Petition*

On September 26, 2014, Los Angeles Police Officer Ernie Acuna and his partner Officer Shaw saw J.B. in the backseat of a parked car. As the officers approached, J.B. stepped out of the car and slammed the door shut; he appeared to be nervous. J.B. told the officers he was attempting to leave the area and the car belonged to his cousin. After J.B. acknowledged he was on probation, Officer Acuna walked up to the car and noticed

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     Although the juvenile court declared the section 496 offense to be a felony on its minute order of January 30, 2014, the juvenile court later treated it as a misdemeanor when calculating J.B.'s maximum term of confinement at the disposition hearing. Neither party challenges the maximum confinement time calculated by the juvenile court.

the butt of a gun protruding from the rear pocket of the driver's seat where J.B. had been sitting. Officer Acuna recovered a loaded .38 caliber revolver. J.B. was arrested.

On September 30, 2014, the People filed a Welfare and Institutions Code section 602 petition alleging J.B. had committed the felony offenses of carrying a loaded, unregistered firearm (§ 25850, subd. (a); count 1), possession of a firearm by a minor (§ 29610; count 2), and the misdemeanor offense of possession of live ammunition by a minor (§ 29650; count 3). J.B. denied the allegations.

At the conclusion of the jurisdiction hearing, the juvenile court found the petition allegations true, sustained the petition and declared the offenses felonies as alleged in counts 1 and 2 and a misdemeanor as alleged in count 3. At the disposition hearing, the juvenile court ordered J.B. to remain a ward of the court and directed him into the community placement program. After finding the firearm-related felonies in counts 1 and 2 merged for purposes of section 654, the court calculated the maximum term of confinement as four years and two months and credited J.B. with 27 days of predisposition custody credits.

## DISCUSSION

### A. *J.B. Is Entitled to Additional Predisposition Custody Credits*

J.B. contends, the People acknowledge, and we agree the juvenile court erred in calculating his predisposition custody credits as 27 days.

In a juvenile delinquency proceeding, "a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.) "[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions . . . , the court must also aggregate the predisposition custody credits attributable to those multiple petitions. [Citation.]"

3

(*Ibid.*) "Physical confinement includes placement in juvenile hall." (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.)

Here, in setting the maximum term of confinement as four years and two months, it appears the juvenile court elected to aggregate J.B.'s physical confinement based on his multiple petitions: The three-year upper term for possession of a firearm by a minor (Dec. 18, 2013 petition), plus one-third of the middle term for the remaining felony and each misdemeanor (June 14, 2013 and Sept. 30, 2014 petitions) for an additional 14 months, resulting in a maximum term of physical confinement of four years and two months as found by the court.[3]

The juvenile court, however, neglected to also aggregate J.B.'s predisposition custody credits. With respect to the June 14 and December 18, 2013 petitions, it appears J.B. was detained in juvenile hall from December 16, 2013 to February 4, 2014 or 51 days on the previously sustained petitions. Accordingly, as the parties agree, J.B. is entitled to a total award of 78 days of predisposition custody credits.

## B. *The Juvenile Court Properly Reviewed Information Responsive to the* Pitchess *Motion*

Prior to the jurisdiction hearing, J.B. moved under Evidence Code section 1043 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 for a review of the personnel records of Officers Acuna and Shaw. The court granted the motion as to any records reflecting complaints of false reports, reviewed the requested records in camera and found no discoverable information.

At J.B.'s request, which the People do not oppose, we have reviewed the sealed record of the in camera proceedings and conclude the juvenile court satisfied the

---

[3] Where the juvenile court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, Welfare and Institutions Code section 726, subdivision (d)(3), incorporates section 1170.1, subdivision (a), as the formula to calculate the maximum confinement time.

minimum requirements in determining whether there was discoverable information.  No abuse of discretion occurred.  (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1225.)

## DISPOSITION

The October 22, 2014 minute order is corrected to award J.B. a total of 78 days of predisposition custody credits.  As modified the order is affirmed.


BECKLOFF, J.[*]


We concur:


PERLUSS, P. J.


SEGAL, J.


---

[*]	Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


5