Filed 10/21/15  In re Jeremiah W. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re JEREMIAH W., a Person Coming Under the Juvenile Court Law. | B261632 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. YJ38104) |
| Plaintiff and Respondent, | |
| v. | |
| JEREMIAH W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Irma J. Brown, Judge.  Affirmed as modified.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Tasha G. Timbadia, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jeremiah W. was declared a ward of the juvenile court pursuant to Welfare and Institutions Code section 602 for his participation in a robbery. Seventeen-year-old Jeremiah admitted to being the driver of the getaway vehicle while his friend robbed Noah Saperstein of his iPhone on September 5, 2014. The juvenile court placed Jeremiah in a five to seven month camp community placement program with a five year maximum period of confinement. He was given predisposition credit of 73 days.

On appeal, Jeremiah contends the juvenile court miscalculated his custody credits. It is undisputed Jeremiah is entitled to five additional days of custody credit; he was detained from October 31, 2014 until the disposition hearing on January 16, 2015. Therefore, he should have been given 78 days of predisposition credit. (Pen. Code, § 2900.5, subd. (a); *In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.)

Jeremiah next challenges a condition of probation imposed by the juvenile court: "You must go to school every day. You must be on time to each class. You must have good behavior at school. You must receive satisfactory grades." Jeremiah contends this condition is overbroad and violates his due process right because it "potentially impinges on legitimate activities, such as school field trips, or family events or emergencies. This also impacts appellant's right to privacy." Jeremiah suggests this condition should be modified to include the requirement that his absence or tardiness be unexcused, before he can be found in violation of probation.

Although Jeremiah failed to object to this condition at sentencing, the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*).) Accordingly, our review of this issue is de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183.)

We disagree that this condition of probation impinges on Jeremiah's right to privacy. Jeremiah's status as a ward of the court necessarily means he no longer enjoys the same privacy rights as someone who is not. Welfare and Institutions Code section 730, subdivision (b) provides that when a minor who is adjudged a ward of the court

"is placed under the supervision of the probation officer . . . , the court may make any and all reasonable orders for the conduct of the ward. . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." These conditions may include ones which intrude on his right to keep certain information confidential, such as drug testing, and to conduct personal activities, such as live in a place of his choosing. So long as the "reformation and rehabilitation" of the probationer is promoted, juvenile courts have broad discretion to impose conditions of probation. (Pen. Code, § 1203.1, subd. (j); *In re Luis F*. (2009) 177 Cal.App.4th 176, 188.)

Jeremiah acknowledges that requiring his attendance at school promotes his rehabilitation. Indeed, "[s]chool attendance has regularly been upheld as a condition of probation reasonably related to rehabilitation and prevention of future criminality." (*In re Robert M*. (1985) 163 Cal.App.3d 812, 815.) The only question is whether the condition must be qualified to prohibit unexcused absences and tardiness. We conclude no such modification is necessary.

Probation conditions must be given a "reasonable and practical construction." (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).) Here, the condition that Jeremiah attend school every day and be on time to class is reasonably interpreted to include excusable absences such as emergencies and summer vacations. It is unlikely Jeremiah will be found in violation of probation, for example, if he is in the hospital rather than at school. Or, if he fails to go to school on a Saturday. (See *Sheena K., supra*, 40 Cal.4th at p. 890.)

Jeremiah compares the school attendance condition here to the ones declared constitutionally infirm in *Lopez, supra*, 66 Cal.App.4th 615 and *In re Victor L.* (2010) 182 Cal.App.4th 902. In each of those cases, the challenged probation condition failed to provide fair notice of what conduct was prohibited. The school attendance probation condition here does not suffer from the same infirmity. Jeremiah admits the condition is sufficiently "precise" for him to know what is required.

## DISPOSITION

The matter is remanded to the juvenile court to modify the minute order to reflect 78 days of predisposition credit.  The dispositional order is otherwise affirmed.


                                              BIGELOW, P. J.

We concur:


          FLIER, J.


          GRIMES, J.