Filed 3/3/16  In re J.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.R.,<br><br>Defendant and Appellant. | F071463<br><br>(Super. Ct. No. 513823)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County. Valli K. Israels, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Peña, J., and Smith, J.

On April 15, 2015, J.R., a minor, was made a ward of the juvenile court pursuant to a petition filed under Welfare and Institutions Code section 602, after he admitted committing vandalism (Pen. Code, § 594, subd. (a)(2))[1] and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). The juvenile court determined that J.R.'s maximum confinement time was 52 months, and it awarded him 72 days of predisposition custody credits. On April 24, 2015, J.R. was released from juvenile hall and placed at Valley Teen Ranch.

On appeal, J.R. contends the juvenile court erred by failing to recalculate his predisposition custody credits to include the additional precommitment days he spent in juvenile hall before his placement at Valley Teen Ranch. The People concede and we agree.

A "minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing." (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067; see § 2900.5, subd. (a).) Placement in juvenile hall constitutes custodial confinement. (Welf. & Inst. Code, § 726, subd. (d)(5).) In this case, J.R. is entitled to custody credits for the additional precommitment days between disposition and his transfer to Valley Teen Ranch, which amounted to nine days. (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.)

## DISPOSITION

The matter is remanded to the juvenile court to modify the minute order to reflect nine days of additional predisposition/precommitment credit, for a total of 81 days. In all other respects, the dispositional order is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise noted.