[No. B164437. Second Dist., Div. Five. Mar. 11, 2004.]

In re EMILIO C., a Person Coming Under the Juvenile Court Law. THE PEOPLE, Plaintiff and Respondent, v. EMILIO C., Defendant and Appellant.

Counsel

Ellen M. Matsumoto, under appointment of the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

MOSK, J.—

## INTRODUCTION

Emilio C., a minor (appellant), had previously been adjudicated a ward of the juvenile court pursuant to two petitions filed under Welfare and Institutions Code section 602, charging appellant with second degree robbery and second degree burglary. Appellant then became the subject of two subsequent petitions, filed on June 25, 2002, and September 13, 2002, and sustained by the juvenile court. He appeals from the juvenile court's adjudication and disposition of the June 25, 2002 and September 13, 2002 petitions. With regard to the June 25, 2002 petition, the juvenile court found that appellant had committed the crime of driving without a valid license. (Veh. Code, § 12500, subd. (a).) With regard to the September 13, 2002 petition,

the juvenile court found that appellant had committed the crime of continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a)), and that appellant's offense was one covered by Welfare and Institutions Code section 707, subdivision (b).[1] The court elected to aggregate the periods of confinement on appellant's multiple petitions, including the two previously sustained petitions, and committed appellant to the California Youth Authority for a period of time not to exceed 17 years and 10 months. The court gave appellant predisposition custody credit of 155 days.

Appellant contends the juvenile court erred in finding appellant's continuous sexual abuse violation (Pen. Code, § 288.5 , subd. (a)) to be an offense covered by Welfare and Institutions Code section 707, subdivision (b). Appellant further contends the juvenile court did not properly calculate his predisposition custody credit. He claims that he is entitled to 577 days of predisposition credit rather than the 155 days accorded him. Finally, appellant contends that the juvenile court's disposition minute order concerning the September 13, 2002 petition should be amended to reflect the court's dismissal of count one (Pen. Code, § 288, subd. (a)) of that petition.

We affirm the order continuing the juvenile court's wardship over appellant and committing appellant to the California Youth Authority. We affirm the juvenile court's determination that appellant's Penal Code section 288.5, subdivision (a) offense was covered by Welfare and Institutions Code section 707, subdivision (b). We remand the matter to the juvenile court to recalculate appellant's predisposition custody credit to include time spent in custody pursuant to all of appellant's adjudicated petitions, including the previously sustained October 17, 2000 and November 14, 2001 petitions. We also remand the matter to the juvenile court to amend the disposition minute order concerning appellant's September 13, 2002 petition to reflect the court's dismissal of count 1 of that petition.

## BACKGROUND

A petition filed on October 17, 2000, charged appellant with second degree robbery (Pen. Code, § 211), a felony. The juvenile court sustained this petition, declared appellant a ward of the court and committed him to the Camp Community Placement Program for a period not to exceed five years. The court accorded appellant 15 days of predisposition custody credit. A second petition filed on November 14, 2001, charged appellant with second degree burglary (Pen. Code, § 459), a felony. The juvenile court sustained this petition, continued the court's wardship and committed appellant to the Camp Community Placement Program for a period not to exceed three years. The court accorded appellant predisposition custody credit of 24 days.

---

[1] The consequences of such a designation are discussed *post.*

A third petition filed on June 25, 2002, charged appellant with unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), and driving without a license. (Veh. Code, § 12500, subd. (a).)[2] The juvenile court dismissed the unlawful taking of a vehicle count and sustained the petition with regard to the second count, driving without a license.

On August 5, 2002, a petition was filed charging appellant with committing a lewd act upon a child under the age of 14. (Pen. Code, § 288, subd. (a).) On September 13, 2002, an amended petition was filed reiterating the count under Penal Code section 288, and adding an additional count of continuous sexual abuse of a child under the age of 14. (Pen. Code, § 288.5, subd. (a).)

At the adjudication hearing on the September 13, 2002 amended petition, evidence was presented that appellant had sexually assaulted and raped his then seven-year-old niece 15 to 20 times during the time period from 1998 through December 31, 2000. Appellant' s niece testified that she did not disclose appellant's assaults to anyone while the assaults were occurring because appellant repeatedly threatened her that he would do it again if she told anyone.

The disposition hearing on the September 13, 2002 petition occurred on November 27, 2003. At that hearing, the juvenile court granted the district attorney's motion to dismiss the Penal Code section 288 count against appellant.[3] The court sustained the petition with regard to the count under Penal Code section 288.5, subdivision (a) and found that appellant's crime was an offense enumerated under Welfare and Institutions Code section 707, subdivision (b). The court committed appellant to the California Youth Authority for a period of time not to exceed 17 years and 10 months. The court then asked defense counsel for the amount of appellant's predisposition custody credit. The following exchange ensued: [¶] "THE COURT: What predisposition does he have. [¶] DEFENSE COUNSEL: Predisposition is 155 days. In total he has 5 hundred 77 days during the time as a ward of the court. [¶] THE COURT: That includes the camp commitments. [¶] DEFENSE COUNSEL: Correct. [¶] THE COURT: Let's give 155. Concurrent time is 155. [¶] DEFENSE COUNSEL: That is included in the 570 if that is what you are asking. [¶] THE COURT: I've already given credit for the other

---

[2] Another petition was filed on June 26, 2002, but was subsequently dismissed.

[3] The ground for dismissal was Penal Code section 288.5, subdivision (c), which provides in relevant part that "[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." (Pen. Code, § 288.5, subd. (c); *People v. Johnson* (2002) 28 Cal.4th 240, 248 [121 Cal.Rptr.2d 197, 47 P.3d 1064] [Penal Code section 288.5, subdivision (c) precludes convictions of continuous sexual abuse and of specific sexual offenses pertaining to same victim over same period of time].)

times. [¶] DEFENSE COUNSEL: Okay. [¶] THE COURT: At different times. [¶] DEFENSE COUNSEL: It is 155 on this case. [¶] THE COURT: All right. 155 at this time." The court then accorded appellant 155 days of predisposition credit. Appellant filed a notice of appeal.

## DISCUSSION

### A. *Appellant's Offense Covered by Welfare and Institutions Code Section 707, Subdivision (b)*

■ When a juvenile court commits a minor to the California Youth Authority, the court must specify whether the minor's offense is one covered by Welfare and Institutions Code section 707, subdivision (b). (Cal. Rules of Court, rule 1494.5, subd. (b); *In re Gary B.* (1998) 61 Cal.App.4th 844, 846 [71 Cal.Rptr.2d 824].)[4] If a minor has committed an offense covered by Welfare and Institutions Code section 707, subdivision (b), the California Youth Authority maintains jurisdiction over the minor for two years or until the minor reaches the age of 25, whichever occurs later. (Welf. & Inst. Code, § 1769, subd. (b); *In re Gary B., supra,* 61 Cal.App.4th at p. 846.) If the offense is not covered by Welfare and Institutions Code section 707, subdivision (b), the minor must be discharged after two years or upon turning 21, whichever occurs later. (Welf. & Inst. Code, § 1769 , subd. (a); *In re Gary B., supra,* 61 Cal.App.4th at p. 846.)

Welfare and Institutions Code section 707, subdivision (b) states that subdivision (c)[5] shall apply "in any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of one of the following offenses: [¶] . . . [¶] (4) Rape with force or violence or threat of great bodily harm. [¶] . . . [¶] (6) Lewd or lascivious act as provided in subdivision (b) of Section 288 of the Penal Code." (Welf. & Inst. Code, § 707, subd. (b)(4), (6).)

Appellant contends the trial court erred in designating appellant's offense under Penal Code section 288.5 to be an offense listed under Welfare and Institutions Code section 707, subdivision (b). He maintains that because continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a)) is not an offense that is specifically enumerated under Welfare and

---

[4] Rule 1494.5 provides that "If the court orders the youth committed to the California Youth Authority: [¶] . . . [¶] (b) The court must specify whether the offense is one listed in section 707(b) of the Welfare and Institutions Code." (Cal. Rules of Court, rule 1494.5.)

[5] Welfare and Institutions Code section 707, subdivision (c) sets forth procedures for a juvenile court to determine whether or not a minor who committed any of the offenses enumerated in section 707, subdivision (b) when he or she was 14 years of age or older should be subject to juvenile court treatment or should be tried in a court of criminal jurisdiction.

Institutions Code section 707, subdivision (b), the juvenile court improperly designated appellant's offense as a section 707, subdivision (b) offense. Appellant further contends that Welfare and Institutions Code section 707, subdivision (b) designation was improper because he was under the age of 16 during most of the period during which the sexual assaults occurred.

1. *Continuous Sexual Abuse of a Child Covered by Welfare and Institutions Code Section 707, Subdivision (b)*

■ Continuous sexual abuse under Penal Code section 288.5 is committed when a person who has recurring access to a child, over a period of time not less than three months, engages in three or more acts of substantial sexual conduct as defined in Penal Code section 1203.066,[6] or three or more acts of lewd or lascivious conduct under section 288 with a child under the age of 14. (Pen. Code, § 288.5, subd. (a).) Penal Code section 288, subdivision (a) proscribes "any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (Pen. Code, § 288, subd. (a).) Penal Code section 288, subdivision (b) penalizes the commission of "an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." (Pen. Code, § 288, subd. (b)(1).) Thus, Penal Code section 288.5 includes multiple violations of Penal Code section 288.

■ The juvenile court was entitled to base its Welfare and Institutions Code section 707 determination on facts presented at the disposition hearing that the court found to be true by a preponderance of the evidence. (*In re Gary B., supra,* 61 Cal.App.4th at p. 850.) In doing so, the juvenile court was also entitled to look beyond the pleadings and consider the circumstances of appellant's offense. (*Id.* at pp. 849–851 [juvenile court entitled to consider minor's use of firearm in deciding whether offense was covered by § 707, subd. (b), even though minor's firearm use was alleged in a previously dismissed count].) We review the juvenile court's findings under the substantial evidence standard. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11–14 [82 Cal.Rptr.2d 413, 971 P.2d 618].)

■ Substantial evidence supports the juvenile court's Welfare and Institutions Code section 707 designation. Evidence presented during the adjudication of

---

[6] "Substantial sexual conduct" is defined in Penal Code section 1203.066 as "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (Pen. Code, § 1203.066, subd. (b).)

the September 13, 2002 petition showed that appellant's repeated sexual assaults on his niece constituted "lewd and lascivious conduct" imposed "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury" within the meaning of Penal Code section 288, subdivision (b). The evidence showed that in 1998, appellant covered his niece's mouth with his hand, pushed her to the ground and sexually assaulted her; that he continued to assault and rape her 15 to 20 times during the period from 1998 until October 30, 2000; and that he threatened to do it again if his niece told anyone about the assaults. Appellant's conduct constituted an offense listed under Welfare and Institutions Code section 707, subdivision (b). (Welf. & Inst. Code, § 707, subd. (b)(6).) The fact that appellant committed multiple sexual assaults continuously while he had recurring access to his niece, thereby elevating the severity of his offense from a violation of Penal Code section 288 to one chargeable under Penal Code section 288.5, does not preclude its designation as an offense under Welfare and Institutions Code section 707, subdivision (b). (*In re Gary B., supra,* 61 Cal.App.4th at p. 851; Pen. Code, §§ 288, 288.5.) A violation of Penal Code section 288.5, subdivision (a) necessarily includes a violation of Penal Code section 288, which is specified in Welfare and Institutions Code section 707, subdivision (b)(6).

Moreover, the evidence presented also established that appellant's assaults constituted "rape with force or violence or threat of great bodily harm," an offense that is also enumerated under Welfare and Institutions Code section 707, subdivision (b). (Welf. & Inst. Code, § 707, subd. (b)(4).) The juvenile court properly designated appellant's offense as one under Welfare and Institutions Code section 707.

> 2. *A Single Violation of an Enumerated Offense While the Minor Is 16 Years Old Supports a Designation Under Welfare and Institutions Code Section 707*

Appellant argues that the juvenile court's designation under section 707 of the Welfare and Institutions Code was erroneous because appellant was 16 years old for only a portion of the time period during which the sexual abuse occurred. There is no authority to support appellant's position that his offense cannot be designated as a section 707, subdivision (b) offense simply because a substantial amount of appellant's abusive conduct occurred before he reached the age of sixteen. The statute does not suggest that more than a single violation of an enumerated offense is required to support a designation under Welfare and Institutions Code section 707, subdivision (b). Appellant's birth date is August 29, 1984. The evidence showed that appellant sexually abused his niece continuously between 1998 and October 30, 2000. At least two months of appellant's continuous sexual abuse

occurred when he was 16 years old. The trial court's designation of appellant's offense under Welfare and Institutions Code section 707, subdivision (b) was not in error.

### B. *Predisposition Custody Credit*

Appellant contends that the juvenile court erred by miscalculating the credit for his custody prior to the court's disposition of the June 25, 2002 and September 13, 2002 petitions. He maintains that he is entitled to 577 days of credit rather than the 155 days the juvenile court accorded him.

■ Although the juvenile court's decisions regarding confinement are reviewed for abuse of discretion (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395 [234 Cal.Rptr. 103]), a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. (Pen. Code, § 2900.5, subd. (a); *In re Eric J.* (1979) 25 Cal.3d 522, 533–536 [159 Cal.Rptr. 317, 601 P.2d 549] (*Eric J.*).) It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. (Pen. Code, § 2900.5, subd. (d); *People v. Vargas* (1988) 204 Cal.App.3d 1455, 1469, fn. 9 [251 Cal.Rptr. 904].)

A juvenile's entitlement to predisposition custody credit is determined by Welfare and Institutions Code section 726. (*Eric J., supra,* 25 Cal.3d at p. 535.) That section provides in part: "If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code . . . ." (Welf. & Inst. Code, § 726, subd. (c).) Penal Code section 1170.1 in turn states: "[W]hen any person is convicted . . . whether in the same proceeding or court or in different proceedings or courts . . . , the aggregate term of imprisonment for all . . . convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed . . . ." (Pen. Code, § 1170.1, subd. (a).)

■ The California Supreme Court has concluded that when a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions pursuant to these foregoing statutory provisions, the court must also aggregate the predisposition custody credits attributable to those multiple petitions. (*Eric J., supra,* 25 Cal.3d 522.) In *Eric J.*, a minor spent 19 days in juvenile hall pending adjudication of an allegation that he was in contempt of court for violating an earlier order granting probation. (*Id.* at p. 533.) After he was released to his mother's custody, he was detained for another 27 days pending resolution of a burglary charge. (*Ibid.*) The juvenile

court aggregated the periods of confinement for the two offenses but did not give the minor credit for 46 days of predisposition custody. (*Id.* at p. 536.) The Supreme Court determined that the minor was entitled to credit for both periods of confinement in juvenile hall. (*Ibid.*)

The juvenile court here elected to aggregate the periods of confinement on appellant's multiple petitions—the June 25, 2002, petition, the September 13, 2002 petition, and the previously sustained October 17, 2000 and November 14, 2001 petitions. It appears, however, that the juvenile court did not accord appellant credit for time spent in custody pursuant to the previously sustained October 17, 2000 and November 14, 2001 petitions. At the November 27, 2003 disposition hearing, the juvenile court stated, "I've already given credit for the other times . . . . At different times," and indicated that the court was only giving appellant credit "this time" for 155 days. The record contains no information concerning the amount of time appellant spent in custody pursuant to the previously sustained October 17, 2000 and November 14, 2001 petitions. Appellant contends he is entitled to a total of 577 days of predisposition credit. Respondent concedes that appellant may be entitled to additional predisposition credit but takes no position as to whether or not the credit should be 577 days. Because there is insufficient information in the record to calculate the proper amount of appellant's predisposition credit, we remand the matter to the juvenile court with instruction to do so, taking into account predisposition credit appellant accrued pursuant to the previously sustained petitions. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 353 [104 Cal.Rptr.2d 473].)

C.  *Correction of November 27, 2003 Minute Disposition Order*

At the disposition hearing on the September 13, 2002 petition, the juvenile court dismissed the allegations contained in count 1 of the petition, charging appellant with violation of Penal Code section 288, subdivision (a). The juvenile court's November 27, 2003 disposition minute order does not reflect the court's dismissal of count 1. Appellant and respondent agree that the minute order should be corrected in a manner consistent with the juvenile court's ruling. We remand with instruction for the juvenile court to do so.

## DISPOSITION

The order continuing the juvenile court's wardship over appellant and committing appellant to the California Youth Authority is affirmed. The juvenile court's designation of appellant's Penal Code section 288.5, subdivision (a) offense as an offense listed under Welfare and Institutions Code section 707, subdivision (b) is affirmed. The matter is remanded to the juvenile court with directions to (1) amend its November 27, 2003 disposition

order to reflect the court's dismissal of count 1 (Pen. Code, § 288, subd. (a)) in the September 13, 2002 petition; and (2) calculate the amount of appellant's predisposition custody credit, including credit to which he is entitled pursuant to the previously sustained October 27, 2000 and November 14, 2001 petitions.

Turner, P. J., and Grignon, J., concurred.