Filed 6/27/13  In re S.W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re S. W., a Person Coming Under the Juvenile Court Law. | |
| | D061514 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J229891) |
| v. | |
| S.W., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy and Carlos O. Armour, Judges.  Affirmed in part, reversed in part and remanded with directions.

Jennifer Hansen, by appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

S. W., a minor, was charged in an amended delinquency petition with five felonies and one misdemeanor. On February 21, 2012, she admitted two counts: unlawful possession of a dirk or dagger in violation of former Penal Code section 12020, subdivision (a)(4) (count 5) and possession of an alcoholic beverage in violation of Business and Professions Code section 25662, subdivision (a) (count 6). Following a contested hearing, the juvenile court (Judge Richard Monroy) found two counts true: robbery in violation of Penal Code section 211 (count 2), and grand theft from a person in violation of Penal Code section 487, subdivision (c) (count 4). The court dismissed two other counts (counts 1 and 3) as the victim of those two crimes (robbery and grand theft person) did not testify.

On March 6, the court (Judge Carlos Armour) declared minor a ward of the court and placed her on probation in the custody of the probation officer. The court calculated minor's maximum term of confinement at five years 10 months (five years maximum for count 2; eight months as a one-third subordinate term for count 5, and two months for count 6).[1]

Minor appeals, contending the court erred in failing (1) to strike the grand theft person true finding as it is a lesser included offense of the robbery; and (2) to award precommittment credit for the time she spent in custody. The Attorney General concedes, and we agree, these claims are meritorious.

---

[1] The court recognized count 4 was a lesser included offense of count 2 and did not impose a term for that count.

Minor also contends the court erred in failing to make an express finding whether to treat the possession of a dirk or dagger count as a felony or a misdemeanor as required by Welfare and Institutions Code section 702. We agree and remand for the juvenile court to make the requisite express declaration and, if appropriate, to recalculate the maximum period of confinement.

FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2011, around 4:00 p.m., two males, minor and another female approached Ivan C. and his friend as they were walking down the street. Minor's female companion asked to use Ivan's cell phone. When Ivan refused, one of the males pulled out a kitchen knife and said, "Give us your stuff. We'll stab you." The second male also brandished a knife. Minor, whom Ivan recognized because of a large scar on her neck, demanded that Ivan give her his stuff or she would "crack" him with the 40-ounce beer bottle she was holding. After one of the men hit Ivan with a closed fist, he turned over his skateboard and wallet, containing $50, and the group fled.

Minor admitted she and three other friends encountered Ivan and his friend on the street, but denied she participated in the robbery or that she threatened Ivan with the beer bottle she acknowledged she was holding in her hand. She maintained she had no idea her friends were going to rob anyone and denied taking any stolen property after she and the others ran away.

On October 23, 2011, minor and her boyfriend were detained as suspects in a graffiti investigation. During that investigation, a bottle of vodka and a knife were located in her purse.

Minor was initially charged in a four-count petition arising from the robbery incident in August. Each of those counts was identified as a felony. The petition was later amended to add counts 5 and 6. Count 5 was identified as a felony and count 6 as a misdemeanor. Between the filing of the original petition and the amended pleading, minor failed to appear for several court appearances and a bench warrant issued. She was later arrested and detained in juvenile hall

On February 21, 2012, Judge Monroy properly advised minor of her constitutional rights and accepted her admissions to the truth of counts 5 and 6. In the course of that proceeding the court advised her, "the total maximum exposure on those particular offenses [is] 3 years and 6 months. . . . Not saying that you would get that, but that's the maximum I need to advise you about." The minor acknowledged she understood. The court then stated: ". . . Count 5 alleges that . . . you . . . did unlawful[ly] carry concealed upon your person a dirk or dagger in violation of Penal Code Section 12020 (a)(4), this is a felony." In response to the court's inquiry whether the allegation was true, the minor admitted it was.

When accepting the minor's admission to count 6, the court stated "[t]his is a violation of Business and Professions Code [section] 25662(a), which is a misdemeanor." The court then presided over the contested adjudication hearing, finding counts 2 and 4

4

true and dismissing counts 1 and 3 for lack of evidence. The minute order of the plea described Count 5 as a felony with no further explanation.

At the March 6 disposition hearing, Judge Armour acknowledged he had read and considered the probation officer's social study report. The report covered numerous topics, including a description of the offenses, details concerning minor's family history and delinquency background, and disposition recommendations, including commitment to the Short Term Offender Program (STOP). In the section listing the relevant offenses, the report described count 5 as "PC 12020(a)(4), Carrying a Concealed Dirk or Dagger, a Felony." In the section recounting the facts of the offense, the probation officer stated minor "was found with alcohol and a concealed stabbing weapon in her purse" when detained in connection with a vandalism investigation.

Arguing against a commitment to STOP, minor's counsel urged the court to place minor on home supervision. Explaining his rationale, counsel noted that because minor had been the victim of an "extremely aggravated assault," this helped explain why she would carry a defensive weapon in her purse. He also acknowledged the seriousness of the robbery offense, but stressed that because the offense was a "strike which will follow her for the rest of her life," this was a sufficient sanction and no further custody was warranted.

The prosecutor limited his remarks to the robbery offense and did not mention the knife found in minor's purse during the graffiti investigation. He urged the court to adopt the probation officer's recommendations, and emphasized the robbery was an aggravated

5

crime as it involved the use of a knife and minor's threats to hit the victim over the head with a beer bottle.

In response to the prosecutor's comment, the court stated, "I agree with the D.A. . . . this is a real serious offense." The court also observed minor "was having problems outside of this offense"; she had had numerous prior contacts with the juvenile system arising from theft-related offenses; and she had failed to appear in this case. The court then declared S.W. a ward of the court; committed her to the STOP program for a period not to exceed 90 days; imposed various terms and conditions of probation; and reaffirmed that "[a]ll prior orders not in conflict will remain in full force and effect." Other than calculating the maximum term of confinement (i.e., five years 10 months), the court did not reference count 5 or otherwise comment on the fact minor was carrying a knife in her purse in October 2011.

## DISCUSSION

### I. *Undisputed Issues:  Lesser Included Offenses and Custody Credits*

Multiple convictions are prohibited where one offense is necessarily included in another. (*People v. Ortega* (1998) 19 Cal.4th 686, 694.) "Theft, in whatever form it happens to occur, is a necessarily included offense of robbery" which includes the additional element of force and fear. (*Id.* at p. 699.) A defendant may not be convicted of both robbery and grand theft based upon the same conduct. (*Ibid.*) Because count 2 (robbery) and count 4 (grand theft person) were based on the same conduct—the theft of Ivan's property—the juvenile court should have stricken count 4. This is true even

6

though the court did not include this offense in its calculation of the maximum term of confinement.

Additionally, minors in juvenile dependency proceedings are "entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] [And] [i]t is the juvenile court's duty to calculate the number of days earned . . . ." (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.) Here, the court imposed the maximum term of five years 10 months, but failed to give the minor credit for 40 days of custody credit: January 27, 2012, the date she was taken into custody, until March 6, 2012, the date of the disposition hearing.

II. *Contested Issue: Failure To Comply with Welfare and Institutions*

*Code section 702*

Welfare and Institutions Code section 702, in relevant part, provides: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." Similarly, California Rules of Court, rule 5.795 requires: "If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony."

Former Penal Code section 12020, subdivision (a)(4), now set forth in Penal Code section 21310, provides that carrying a concealed dirk or dagger is punishable in county

jail not exceeding one year, or in the state prison.  A crime punishable as either a felony or a misdemeanor is commonly referred to as a "wobbler."  (See Pen. Code, § 17.)

Interpreting Welfare and Institutions Code section 702, our Supreme Court has stated, "[t]he language of the provision is unambiguous.  It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.)  The section " 'means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor.' " (*Ibid.*)  The requirement of an express declaration provides assurance "the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.)  The requirement is directed, "in large part, at facilitating the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense."[2] (*Id.* at p. 1206.)  "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Id.* at p. 1208.)

Where the court has failed to make an express finding, remand for a "formal declaration" is not automatic where it "would be merely redundant" and "would amount

---

[2]     Where, as here, "the juvenile court imposed probation, the required declaration would constitute a record, for the purposes of determining the maximum term of physical confinement in a subsequent adjudication, whether the prior offense was a misdemeanor or a felony." (*In re Manzy W., supra*, 14 Cal.4th at pp. 1206-1207, italics omitted.)

to harmless error." (*In re Manzy W., supra*, 14 Cal.4th at p. 1209.) "The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Ibid*.)

Here, neither juvenile court judge expressly declared whether the possession offense was a misdemeanor or felony. Because the record as a whole does not reflect that either judge exercised discretion in setting the term of confinement at the felony level for this offense, remand is required.

Although Judge Monroy used a felony-length term of confinement for the possession offense when he advised minor and accepted minor's admission to this allegation at the adjudication hearing, and Judge Armour attached a felony term of confinement to this offense in calculating the maximum term of confinement for all offenses at the disposition hearing, our Supreme Court has made clear this, by itself, is not sufficient. (*In re Manzy W., supra*, 14 Cal.4th at p. 1209.) Likewise, it is not sufficient that the amended petition referred to the possession offense as a felony; Judge Monroy stated "this is a felony" as he read from the words of the amended petition at the adjudication hearing; and the probation officer's report referred to the offense as a felony. Merely referring to the offense in the same language used in the amended petition does not reflect an exercise of the court's discretion. Instead, there must be evidence the court considered its options and having done so, decided whether to treat the offense as a felony or misdemeanor.

9

Evaluating the record as a whole, this did not occur. Instead, the record reflects all participants—the court, the prosecutor, minor's counsel and the probation officer—largely disregarded the possession offense, understandably focusing on the robbery. For example, the probation report described the bare facts of the possession offense, but did not mention it as a relevant factor in its adjudication recommendations. Minor's counsel offered a reason why minor possessed the knife, but keyed in on the robbery offense. The prosecutor never mentioned the possession offense, concentrating instead on the seriousness of the robbery offense and the fact weapons and force were involved. Likewise, in explaining its decision to select the STOP program over home placement, the court referenced the minor's background and the fact "this" (the robbery) was a serious offense but did not mention the possession offense. In short, no one commented on whether a felony or misdemeanor confinement term should be imposed.

Other than the possession offense being charged as a felony, there is nothing in this record to support a finding the court knew of its discretion and exercised it (or, at the very least, implicitly decided the possession offense should be a felony). Accordingly, the failure to comply with Welfare and Institutions Code section 702 was not harmless and remand is required. In remanding, we are not suggesting how the court should exercise its discretion, only that it expressly declare it has determined whether the offense should be treated as a felony or a misdemeanor.

DISPOSITION

The matter is remanded with directions to strike count 4; credit the minor with 40 days of precommittment credits; and expressly declare whether count 5 is a felony or a misdemeanor. If the court elects to treat count 5 as a misdemeanor, it must recalculate the maximum term of confinement and reflect this in the minutes. In all other respects, the judgment is affirmed.


_____
HALLER, J.

WE CONCUR:


_____
McCONNELL, P. J.


_____
HUFFMAN, J.

11