Filed 1/3/14  In re Jesse M. CA3

NOT TO BE PUBLISHED

**COPY**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re JESSE M., a Person Coming Under the Juvenile Court Law. | C073562 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSE M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV133980) |

The minor, Jesse M., appeals from the dispositional order in this juvenile delinquency action; his sole contention is that the trial court awarded him too few days of custody credit.  The People concede the error, and we agree.

1

FACTS AND PROCEEDINGS

In a petition filed June 26, 2012, the minor was charged with (among other things) felony vandalism of cemetery property. (Pen. Code, § 594.35, subd. (a).) The minor pled no contest in Yuba County to felony vandalism of cemetery property, was adjudicated a ward, and placed in the custody of his parents. The matter was transferred to his home county, Sacramento, for disposition.

In a second petition filed on September 4, 2012, the minor was charged with taking a vehicle. (Veh. Code, § 10851, subd. (a).) The minor admitted the allegation, which was deemed a misdemeanor; the case was transferred to Sacramento County for disposition, and the minor was ordered detained in juvenile hall pending further order of the court.

On October 5, 2012, the Sacramento County Superior Court accepted the transfer of the minor's case, made him a ward of the court, and placed Jesse M. on probation in the custody of his parents, with various conditions including the service of 17 days in juvenile hall. The court set the minor's maximum term of confinement on the original and supplemental petitions at three years four months.

After the minor's second arrest for violating probation, and his admission he remained away from his parents' home without permission, the court reiterated that the minor's maximum term of physical confinement is three years four months, and ordered him to serve 40 days in juvenile hall, followed by release on probation to his own care and custody, and with credit for time served of 16 days.

DISCUSSION

On appeal, Jesse M. contends he has accrued 61 days' credit for his confinement prior to and including the disposition. The People agree.

When, as here, the juvenile court elects to aggregate the maximum period of confinement based on multiple petitions, the predisposition credits attributable to those

2

petitions must be aggregated as well.  (*In re Eric J*. (1979) 25 Cal.3d 522, 533-536; *In re Emilio C*. (2004) 116 Cal.App.4th 1058, 1067-1068.)

The parties agree the minor should have received 61 days' predisposition custody on the two aggregated petitions; we think he should instead have received 62 days.  In connection with the original petition, he was in custody for 24 days (July 16 to August 8, 2012); in custody in connection with the second petition for 16 days (August 29 to September 13, 2012); in custody for six days from his arrest on the first violation of probation petition (October 11 to October 16, 2012); and in custody 16 days from his arrest on the second violation of probation petition (November 6 to November 21, 2012).

Accordingly, the November 21, 2012, order regarding the minor's violation of probation must be modified to reflect 62 days' predisposition credit.

DISPOSITION

The November 21, 2012, order as to Jesse M. is modified to reflect 62 days' predisposition credit.  In all other respects, the adjudication and disposition orders are affirmed.

                                                                  HULL              , Acting P. J.

We concur:


      MAURO          , J.


      DUARTE        , J.