Filed 1/16/14  In re B.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| In re B.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>B.L.,<br><br>        Defendant and Appellant. | E059107<br><br>(Super.Ct.No. RIJ1201097)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed with directions.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

On June 21, 2013, defendant B.L. (minor) admitted an allegation in a second petition subsequent that he attempted criminal threats against a judge presiding over one of his prior cases (¶ 1 – Pen. Code § 664/422).[1] Pursuant to a negotiated disposition, the juvenile court ordered minor into an out-of-state placement and determined his maximum period of confinement as six years two months. The juvenile court neglected to compute an updated calculation of minor's custody credits. On appeal, minor contends the court erred in its determination of his maximum period of confinement and that an updated calculation of custody credits should have been made. The People agree with minor's contentions. We shall direct the juvenile court to issue a corrected dispositional minute order reflecting the correct maximum period of minor's confinement and custody credits. In all other respects, the judgment is affirmed.

### FACTUAL AND PROCEDURAL HISTORY

On October 24, 2012, the People filed a Welfare and Institutions Code section 602 petition alleging minor was in receipt of a stolen digital camera (¶ 1 -- § 496, subd. (a)), engaged in second degree burglary (¶ 2 -- § 459), and brandished a deadly weapon (¶ 3 -- § 417, subd. (a)). Minor was taken into custody on a warrant and booked on January 16, 2013. Minor was detained in juvenile hall.

On February 4, 2013, minor admitted the paragraph two allegation. The juvenile court found minor a ward of the court, placed him on probation, and ordered him placed in a suitable home. Paragraphs 1 and 3 were dismissed. Minor was placed with Boys

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Republic on February 19, 2013, but left the placement the next day. On February 21, 2013, a Welfare and Institutions Code section 777 petition alleging minor had violated a condition of his probation was filed. A warrant for minor's arrest issued on February 25, 2013.

On April 29, 2013, police interviewed minor regarding an incident whereby he was alleged to have participated in the beating and robbery of a community college student; the victim identified minor as one of the perpetrators. Police released minor to mother after minor gave a false name in front of mother; mother did not correct minor's relation of a false name or inform officers there was a warrant for minor's arrest. Police arrested minor on May 22, 2013. On May 24, 2013, minor admitted a violation of his probation. Minor was ordered detained in juvenile hall.

In an interview with probation on May 31, 2013, minor stated he was extremely angry at the judge presiding over his previous disposition: "'He fucked me over. If I see him on the street I'll murder him.'" On June 7, 2013, a petition subsequent was filed alleging minor stole property (a wallet and iPhone) by means of force or fear (¶ 1 -- § 211). On June 10, 2013, defendant admitted the allegation.

On June 21, 2013, a second petition subsequent was filed alleging minor had committed attempted criminal threats (¶ 1 -- § 664/422) and threatened the life of a judge (¶ 2 -- § 76). On June 27, 2013, pursuant to a negotiated disposition, minor admitted the paragraph 1 allegation and the paragraph 2 allegation was dismissed. The juvenile court determined minor's maximum period of confinement as six years two months and ordered him placed in a suitable home or facility.

3

DISCUSSION

A. Maximum Period of Confinement.

Defendant contends the juvenile court erred in determining his maximum period of confinement as six years two months; he maintains it should have been only six years. The People concur. We agree.

"If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 726, subd. (d).)

"The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a); *In re David H.* (2003) 106 Cal.App.4th 1131, 1133-1134.)

Here, defendant admitted allegations of second degree burglary (initial petition ¶ 2 - § 459), robbery (petition subsequent ¶ 1 -- § 211), and attempted criminal threats (second petition subsequent ¶ 1 -- §§ 664/422). According to the formula prescribed above, the maximum period of confinement to which minor could be sentenced would be

4

six years consisting of the following:  five years for the robbery (§ 213, subd. (a)(2));
eight months, one-third the prescribed midterm of two years, for the felony second degree
burglary (§§ 461, subd. (b), 1170, subd. (h)); and four months, one-third the prescribed
term of 12 months for the felony attempted criminal threats (§§ 18, 664, subd. (b)/422,
subd. (a)).  Thus, we shall direct the superior court to issue a corrected dispositional
minute order setting minor's maximum confinement as six years.

B.  Presentence Custody Credits.

Minor contends the court erred in awarding him only 55 days of presentence
credits when he was entitled to 73 days.  The People concur.  We agree.

"A juvenile is entitled to credit against his maximum period of physical
confinement for any time he spends in actual custody prior to disposition. [Citation.]  . . .
The California Supreme Court has concluded that when a juvenile court elects to
aggregate a minor's period of physical confinement on multiple petitions . . . the court
must also aggregate the predisposition custody credits attributable to those multiple
petitions.  [Citation.]'  [Citation.]" (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231-
1232; *In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)  "It is the juvenile court's
duty to calculate the number of days earned, and the court may not delegate that duty.
[Citations.]" (*Emilio C., supra,* at p. 1067.)

Minor was initially arrested on January 16, 2013, and detained until February 20,
2013, when he left his placement, for a total of 36 days.  He was arrested on May 22,
2013, and detained until his dispositional hearing on June 27, 2013, an additional 37
days.  Thus, minor spent a total of 73 days in custody prior to the final dispositional

5

order.  Therefore, we shall direct the juvenile court to correct the dispositional minute order to reflect 73 days of presentence credits.

DISPOSITION

The juvenile court is directed to correct the dispositional minute order dated June 27, 2013, to accurately reflect the maximum period of minor's confinement, six years, and presentence credits in the amount of 73 days and forward a corrected copy to the appropriate authorities.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____<br>J.

We concur:

RAMIREZ _____
              P. J.

HOLLENHORST _____
              J.