Filed 10/28/14  In re K.S. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>K.S.,<br><br>        Defendant and Appellant. | A141002<br><br>(Contra Costa County<br>Super. Ct. No. J00-00736) |

K.S. appeals from a dispositional order removing him from parental custody.  He contends the juvenile court erred in failing to determine his maximum term of confinement and credit for predisposition custody.  The People agree that the matter must be remanded for correction of these errors, and we so order.

**STATEMENT OF THE CASE**

On November 17, 2011, the Placer County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) charging appellant, then 13 years old, with two misdemeanors, second degree commercial burglary (Pen. Code, § 459) and petty theft (Pen. Code, §§ 488/490.5).  On September 6, 2012, the district attorney filed another wardship petition, charging appellant with misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)) and with possession of under one ounce of marijuana, an infraction (Health & Saf. Code, § 11357, subd. (b)).

1

On January 16, 2013, the juvenile court ordered appellant released on home supervision. Appellant admitted one count of each of the petitions, burglary and vandalism, and the remaining counts were dismissed. On February 19, the case was transferred to Contra Costa County for disposition, and on May 30, 2013, appellant was placed on formal probation for six months, residing in the home of his mother.

On October 11, 2013, the probation department filed a notice of probation violation (Welf. & Inst. Code, § 777) alleging that appellant tested positive for tetrahydrocannabinol (THC), was suspended from school twice, and was disruptive in school, resulting in detention. Appellant was placed on home supervision pending the probation violation hearing, then two weeks later arrested for petty theft (Pen. Code, §§ 484/488, subd. (a)), false identification (Pen. Code, § 148.9), and violating the terms of home supervision.

On November 1, 2013, appellant admitted violating home supervision and was ordered detained in juvenile hall pending a hearing on the probation violations. On November 5, he admitted violating probation by testing positive for THC and being suspended from school, and was ordered detained pending disposition. On November 15, he was adjudged a ward of the court and released to his mother on 90-day home supervision.

Another notice of probation violation was filed on December 11, 2013, alleging another school suspension and another positive THC test, and on December 13 appellant was ordered detained in juvenile hall pending a hearing on the new violations. On January 2, 2014, appellant admitted the violations.

A contested dispositional hearing was held on January 7, 2014. The court continued appellant's wardship "with no termination date" and ordered appellant removed from his mother's custody and detained at juvenile hall pending delivery to placement in a court-approved home or institution. On February 4, appellant was accepted at Unicorn Youth Services.

Appellant filed a timely notice of appeal on February 5, 2014.

When a minor is removed from the physical custody of his or her parent as a result of a wardship order, "the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 726, subd. (d).) "Since an adult's term is reduced by credit for preconviction custody, [Welfare and Institutions Code] section 726 should be interpreted as entitling a minor to credit for time previously spent in physical confinement when physical confinement is subsequently selected as a disposition." (*In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503, citing *In re Eric J.* (1979) 25 Cal.3d 522, 535-536.) "In a juvenile delinquency proceeding, 'a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]' " (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085, quoting *In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)

On January 7, 2014, when the juvenile court ordered appellant removed from his mother's custody, the court continued the wardship "with no termination date," ordered appellant detained at juvenile hall pending delivery to placement, and found that "the likely date by which [appellant] may safely be returned home is one year from today's date, which would be January 7, 2015." The court did not refer to the maximum period of confinement and did not determine the amount of time appellant had already spent in custody.

According to the December 13, 2013 probation report, upon a finding of violation of probation, "the court ha[d] the authority to impose 1 year 1 month and 6 days of confinement time as of December 13, 2013." The court referred to this calculation at the January 2, 2014 hearing when, addressing appellant's admissions, the court asked if

---

[1] The facts are not relevant to the only issue presented on this appeal.

appellant understood "that if you go ahead and admit to those two probation violations, you subject yourself to a maximum period of confinement of one year, one month, and six days as of December 13th, and then you'd get credit for time served since that date[.]" The court did not refer to this calculation at the January 7, 2014 dispositional hearing, however, and in any event the maximum period of confinement calculated on that date would have had to account for the additional time appellant spent in custody between December 13, 2013, and January 7, 2014.

As the parties agree, the matter must be remanded for the juvenile court to calculate appellant's predisposition credit and maximum period of confinement.

## DISPOSITION

The matter is remanded to the juvenile court for determination of appellant's predisposition custody credit and maximum period of confinement and entry of an amended order reflecting these determinations.

          _____

          Kline, P.J.

We concur:

_____

Richman, J.


_____

Stewart, J.

4