Filed 3/13/23  In re N.Z. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re N.Z., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B319715 (Super. Ct. No. FJ57544) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>N.Z.,<br><br>    Defendant and Appellant. | |

        N.Z. (appellant) is 22 years old.  A Welfare and Institutions Code section 602 petition alleged that he had committed a criminal offense.[1]  At the jurisdictional hearing appellant admitted the allegation based on the understanding that his offense did not qualify as a section 707, subdivision (b) (707(b))

_____

        [1] All undesignated statutory references are to the Welfare and Institutions Code.

serious offense.  If it did not so qualify, the juvenile court would be required to terminate jurisdiction over appellant because of his age.  (§ 607, subd. (a).)

The court subsequently learned that the offense qualified as a section 707(b) offense so it could retain jurisdiction over appellant until his 25th birthday.  (§ 607, subd. (c).)  Therefore, at the dispositional hearing it rejected appellant's admission.  Appellant contends the juvenile court should have accepted the admission and terminated jurisdiction.  We disagree and affirm.

*Procedural History*

The section 602 petition was filed in August 2021.  It alleged that between May 1, 2012 and December 31, 2015, appellant had committed the offense of continuous sexual abuse of a child in violation of Penal Code section 288.5.  As of May 1, 2012, appellant was 11 years old.

In February 2022 when appellant was 21 years old, he admitted the petition's allegations.  Before he entered his admission, the juvenile court stated: "It is the court's understanding that [appellant] is interested in entering an admission today, a so-called open admission . . . .  It is his attorney's opinion that due to [appellant's] age that the court will need to terminate jurisdiction upon taking the admission or at the time of disposition by operation of law."  The court said "it would like to continue the disposition . . . for a period of several weeks . . . to order a disposition report that will include . . . the probation department's formal recommendation regarding the disposition in this case, which may be that due to [appellant's] age jurisdiction must be terminated."

Appellant's counsel objected to the ordering of a disposition report because jurisdiction over appellant had "ended at age 21."

2

The court ordered the People to file points and authorities if they believed that appellant's counsel "is wrong and the court somehow can have jurisdiction over this case."

The court continued: "*It does not appear that the crime alleged in this petition is a so-called [section] 707(b) offense. Do the People concur in that assessment?*" (Italics added.) The prosecutor responded, "*That is correct, your honor.*" (Italics added.)

The court advised appellant: "[Y]our attorney['s] . . . position is that because you are now 21 the court no longer has jurisdiction over your case. I am ordering the prosecutor to provide the court with their opinion on that question. I am also ordering the probation department to provide to the court a recommendation regarding how this case should be resolved." Appellant responded that he understood what the court was saying. He then admitted the petition's allegations.

Several days later, the People filed points and authorities in which they argued that the court had jurisdiction over appellant until his 25th birthday because his offense qualified as a section 707(b) offense. The People's argument was based on *In re Emilio C.* (2004) 116 Cal.App.4th 1058 (*Emilio C.*). Appellant filed opposition to the People's points and authorities.

A disposition hearing was conducted in March 2022. The court said that, when it had taken appellant's admission, it "was unaware of the appellate court ruling [*Emilio C.*] that has . . . made it very clear that in such cases a [Penal Code section] 288.5 [violation] is a [section] 707(b) offense. [¶] So the mistake that was made at the last court date is the fact that you were misadvised [that the alleged violation is not a section 707(b) offense]."

3

The court gave appellant the option of withdrawing his admission. The court noted, "This is all over your standing objection." Appellant's counsel replied that her client "would like to be readvised and make the admission with the new advisements."

The court stated, "The admission that I took on our last court date is effectively withdrawn because *it was not a lawful admission*." (Italics added.) The court readvised appellant that he was charged with committing a section 707(b) offense. Therefore, "the court may retain jurisdiction over you until you attain 25 years of age." Appellant admitted the petition's allegations. The court declared him a ward and ordered him placed in his mother's home on probation.

### *Emilio C. and Its Relevance to the Present Case*

"Once the juvenile court has 'initial' jurisdiction, it may retain jurisdiction over a ward until he or she turns 21 years old (§ 607, subd. (a)) . . . ." (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 66.) But if a person has committed one of the serious offenses listed in section 707(b), the retention of jurisdiction may be extended until the age of 23 or 25 years depending upon the maximum sentence for the offense in a criminal court. (§ 607, subds. (b), (c).) A violation of Penal Code section 288.5 is not one of the offenses listed in section 707(b).

In *Emilio C.* the court held that, where a section 602 petition alleged a violation of section 288.5, "[t]he juvenile court was *entitled* to base its Welfare and Institutions Code section 707[(b)] determination on facts presented at the disposition hearing that the court found to be true by a preponderance of the evidence. [Citation.] In doing so, the juvenile court was also *entitled* to look beyond the pleadings and consider the

4

circumstances of [the minor's] offense." (*Emilio C.*, *supra*, 116 Cal.App.4th at p. 1065, italics added.) Because "[e]vidence presented during the adjudication of the . . . petition showed that [the minor's] repeated sexual assaults on his niece constituted" violations of offenses listed in section 707(b), "[t]he juvenile court properly designated [the minor's Penal Code section 288.5] offense as one under Welfare and Institutions Code section 707[(b)]." (*Id.* at pp. 1065-1066.)

At the disposition hearing in the present case, the juvenile court considered evidence showing that appellant had forcibly performed numerous sex acts upon his first cousin, who was three years younger than appellant. These acts constituted "lewd or lascivious act[s] as provided in subdivision (b) of Section 288 of the Penal Code."[2] (§ 707, subd. (b)(6).) The acts included sodomy by force and oral copulation by force. (*Id.*, subds (b)(5), (b)(7).) Thus, "[t]he juvenile court properly designated appellant's offense as one under Welfare and Institutions Code section 707[(b)]." (*Emilio C.*, *supra*, 116 Cal.App.4th at p. 1066.) Because the charged violation of Penal Code section 288.5 would have been punishable in criminal court by a prison sentence of seven years or more, the juvenile court could retain jurisdiction over appellant until his 25th birthday. (§ 607, subd. (c).)[3]

---

[2] Penal Code section 288, subdivision (b) applies to "[a] person who commits [a lewd or lascivious] act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." (*Ibid.*)

[3] Penal Code section 288.5, subdivision (a) provides that a violation of the statute is punishable by "imprisonment in the state prison for a term of 6, 12, or 16 years."

*The Trial Court Had the Authority to*
*Reject Appellant's Admission*

Appellant argues that "the juvenile court lacked authority to override" his "initial admission." (Capitalization omitted.) Appellant explains: "There is nothing compulsory in *Emilio C.* about the application of section 707, subdivision (b) to a true finding of Penal Code section 288.5 . . . ." "[T]he language used in *Emilio C.* 'entitling' the juvenile court to apply section 707, subdivision ([b]) is simply permissive." Thus, "[t]he initial admission . . . was not subject to the [juvenile court's] 'unlawful' finding."

Appellant continues, "[T]he juvenile court was not required to make the section 707, subdivision (b) finding . . . . [¶] The juvenile court and the prosecution acted unfairly and unreasonably in dissolving an admission that was sound and which was, according to the record, largely designed by them. The juvenile court and the prosecution should not be permitted to unwind that admission to appellant's detriment."

We disagree. Appellant in effect entered a conditional, not an unconditional, admission. "[A] conditional plea [or admission is] where the plea [or admission] is conditioned upon receipt of a particular disposition . . . ." (*People v. Holmes* (2004) 32 Cal.4th 432, 435.) The condition here was that the charged offense – a violation of Penal Code section 288.5 – did not qualify as a section 707(b) offense so that the juvenile court would be required to terminate its jurisdiction over appellant and dismiss the section 602 petition. After appellant's admission, the trial court was informed that the charged offense qualified as a section 707(b) offense so that it could retain jurisdiction until his 25th birthday. In these circumstances, the juvenile court had the authority to

6

reject appellant's conditional admission.  (See *People v. Segura* (2008) 44 Cal.4th 921, 931 ["in the context of a negotiated plea the trial court may approve or reject the parties' agreement"].)

In *People v. Thomas* (1994) 25 Cal.App.4th 921, this court enunciated a rule that applies with equal force to the present case:  "In taking a guilty plea and approving a negotiated disposition, the trial court retains the inherent power to withdraw its approval at the time of sentencing. . . . A trial court should not have to honor a tentative commitment based on a false premise."  (*Id*. at p. 925.)  Here, the false premise was that the charged offense did not qualify as a section 707(b) offense.  At the disposition hearing the juvenile court was not required to adhere to this false premise.  Accordingly, it properly rejected appellant's initial admission.  "The very facts of this case illustrate why the trial court [or juvenile court], before judgment is final, retains the power to withdraw its approval and vacate the guilty plea [or admission] sua sponte."  (*Id*. at p. 926.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:


GILBERT, P. J.



BALTODANO, J.

7

Miguel Espinoza, Judge

Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Blake Armstrong, Deputy Attorney General, for Plaintiff and Respondent.