Filed 1/22/25  In re N.T. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re N.T., a Person Coming Under the Juvenile Court Law. | |
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>N.T.,<br><br>    Defendant and Appellant. | A169611<br><br>(Alameda County<br>Super. Ct. No. JV03037413) |

N.T. appeals from that part of a January 2024 disposition order awarding him eight days of actual custody credits, contending the court erred as matter of law in its calculation and that he is entitled to more credit.  The People agree.  The parties are correct.  We therefore vacate that part of the court's disposition order awarding those eight days of credit and remand for the juvenile court to properly calculate and award the credits to which N.T. is entitled.

### I. BACKGROUND

In January 2022, the San Francisco District Attorney's office filed a second amended juvenile wardship petition regarding N.T.  The San

1

Francisco County juvenile court, upon N.T. pleading to the truth of the charges, found he had committed felony conspiracy (Pen. Code, § 182, subd. (a)(1)) and assault upon the person of another by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). In February 2022, the court ordered him placed in Alameda County's "Custody Rehabilitation Program, Secure Track," and his case was apparently transferred to Alameda County juvenile court.

In June 2023, the court placed N.T. on probation. In November 2023, the Alameda County probation department filed a supplemental petition under Welfare and Institutions Code section 777 alleging that N.T. had violated probation by being absent from a scheduled home visit earlier that month and had not reported as requested by letter. The court issued a warrant for N.T.'s arrest.

According to a later Alameda County probation department report, on December 18, 2023, N.T. was arrested in San Francisco and booked into county jail on several felonies, including second-degree robbery (Pen. Code, § 211) and assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b)). He was transferred to Alameda County juvenile court on December 22, 2023, based on the warrant issued by that court.

On December 26, 2023, N.T. waived his rights and admitted to violating probation. The juvenile court sustained the supplemental petition, recalled the arrest warrant, ordered N.T. detained at the Juvenile Justice Center, and scheduled a disposition hearing in January 2024.

The probation department recommended a six-month Secure Track commitment. The court agreed with this recommendation. At the dispositional hearing on January 16, 2024, it ordered N.T. placed in the

2

Secure Track program for a period not to exceed six months. It set N.T.'s maximum term of confinement as three years, eight months.

Also at the dispositional hearing, N.T.'s counsel asked that N.T. receive 27 actual custody days of credits, having been "released on the San Francisco case on December 20th." The court said it understood N.T. was entitled to actual custody credits once he was "ordered back" "from the last dispo date." It awarded N.T. eight days actual custody credit, to be credited towards his maximum term of confinement.

N.T. filed a timely notice of appeal from the court's disposition order.

## II. DISCUSSION[1]

We review a juvenile court's decisions regarding confinement for abuse of discretion. (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067 (*Emilio C.*).)

"[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing." (*Emilio C., supra*, 116 Cal.App.4th at p. 1067.) "Physical confinement includes placement in juvenile hall." (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.) The juvenile court must calculate credit for predisposition time spent in custody and subtract the credit awarded from the maximum confinement calculation. (*Id.* at p. 1256; *Emilio C.*, at p. 1067.)

Here, the parties agree the juvenile court erred as a matter of law by awarding N.T. only eight days of actual custody credit. As indicated by the case law we have cited, they are correct. However, the record is unclear as to

---

[1] The juvenile court's January 2024 disposition order placing N.T. in the Secure Track program for six months suggests this case is moot. But, although we have repeatedly encouraged appellate counsel to bring to our attention events that render appellate cases moot, we have not received any such communication from counsel in this case. Accordingly, and given that our concern is based on only speculation, we proceed with this appeal.

the correct amount of credits the court should have awarded. N.T.'s counsel asserted at the January 2024 disposition hearing that N.T. was transferred from the San Francisco County jail, where he was jailed on another criminal matter, to Alameda County juvenile hall on December 20, 2023. But the later Alameda County probation department report states that N.T. was transferred from San Francisco County jail to juvenile hall on December 22, 2023. For clarification of this issue, we will remand to the juvenile court to calculate and award the proper number of actual custody credits.

## III. DISPOSITION

The juvenile court's disposition order is affirmed, except that we order vacated that part of the order awarding N.T. eight days of actual custody credits and remand this matter to the juvenile court to calculate and award actual custody credits to N.T. consistent with this opinion.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

4